UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JORY DENNISON, | : | 3:07cv1536 (WWE) |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ROCHESTER LINOLEUM AND | : | |
| CARPET ONE, INC., | : | |
| ALBERT PELUSIO, JR. and | : | |
| DAVID PELUSIO, SR., | : | |
|     Defendants. | : | |

### MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS

In this action, plaintiff has brought this suit to enforce his right to earned commissions against Rochester Linoleum and Carpet One and its corporate officers, Albert Pelusio, Jr. and David Pelusio, Sr. ("Pelusio defendants").

Defendants have filed a motion to dismiss the complaint for insufficiency of process, failure to state a claim, statute of limitations, and the prior pending action doctrine. For the following reasons, the motion to dismiss will be denied.

### BACKGROUND

For purposes of ruling on this motion, the Court takes the facts alleged in the complaint to be true.[1]

Plaintiff worked as a commissioned sales person for East Coast Flooring Resource pursuant to a contractual agreement until his employment terminated in September 2005. Plaintiff was terminated without notice, and he never received his earned commissions or salary bonus.

---

[1] The Court takes judicial notice of the facts alleged in plaintiff's action captioned Dennison v. East Coast Flooring Resource, Inc., 06cv946 (WWE).

East Coast Flooring is a d/b/a of Rochester Linoleum and Carpet Center.  The Pelusio defendants are corporate officers of Rochester Linoleum and Carpet One.

In May 2006, plaintiff brought a state court action alleging breach of contract, violation of the Connecticut Wage Act, and promissory estoppel against East Coast. East Coast removed that action to federal court.

In September 2007, plaintiff filed the instant action alleging breach of contract and violation of the Connecticut Wage Act against defendants Rochester Linoleum and Carpet Center, and Albert and David Pelusio.  Defendants also removed the action to federal court.

## DISCUSSION

Insufficiency of Process

Defendants assert that plaintiff's service upon defendants did not comply with the requirement of Connecticut General Statutes §§ 52-54 and 52-57 for in-hand service at defendants' usual place of abode on the defendants.

Since defendant raises a challenge to the sufficiency of process, the plaintiff bears the burden of proving its adequacy.  See Mende v. Milestone Technology, 269 F.Supp.2d 246, 251 (S.D.N.Y. 2003).   Here, plaintiff has provided the Court with proof that it has satisfied service on nonresident corporations and individual tortfeasors pursuant to Connecticut General Statutes § § 33-663 and 52-59b.

Failure to State a Contract Claim Against the Individual Defendants

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."  Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F. 2d 774, 779

2

(2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. Iqbal v. Hasty, 490 F.3d 143, 157 (2d Cir. 2007) (applying flexible "plausibility standard" to Rule 8 pleading).

Defendants maintain that plaintiff has not alleged a contractual claim against the Pelusio defendants because they are not parties to the contract at-issue. Plaintiff counters that he seeks to hold the Pelusio defendants liable pursuant to a corporate veil piercing theory. See Morris v. Cee Dee, LLC, 90 Conn. App. 403, 414 (2005). Whether such a theory is appropriate to the instant case is a question of fact, and the Court will leave plaintiff to his proof.

Wage Act: Statute of Limitations

Defendants argue that plaintiff's action fails to satisfy the two year statute of limitations for Wage Act claims. Conn. Gen. Stat. § 52-54. Defendants maintain that the statute of limitations ran on September 20, 2007, and that defendants did not receive the writ, summons and complaint until at least September 27, 2007. However, plaintiff's action satisfies Connecticut General Statutes § 52-593a, which provides that a cause of action is not lost due to the running of a statute of limitations where process "is personally delivered to a state marshal authorized to serve the process and the process

3

is served, as provided by law, within thirty days of the delivery." In this instance, process was served upon the Marshall on September 19, 2007, who performed service within the thirty day requirement.

Prior Pending Action

Defendants urge this Court to exercise its discretion to dismiss this action as duplicative of plaintiff's prior action against East Coast.

A district court has discretion to dismiss an action that is duplicative of another prior federal lawsuit as part of its general power to administer its docket. Mele v. State of Connecticut, 2007 WL 419445 (D. Conn. 2007). A plaintiff has no right to maintain two actions on the same subject in the same court, against the same defendant at the same time. Curtis v. Citibank, N.A., 226 F.3d 133, 139 (2d Cir. 2000). However, the instant action is not entirely duplicative of plaintiff's prior action against East Coast because it is brought against different defendants, which defendants may represent the proper parties for liability. Accordingly, the Court will deny the motion to dismiss on this ground. However, the Court will consolidate the two actions.

## CONCLUSION

For the foregoing reasons, the motion to dismiss [doc. #12] is DENIED. The clerk is instructed to consolidate the instant action with Dennison v. East Coast Flooring Resource, Inc., 06cv946 (WWE).


_____/s/_____

Warren W. Eginton, Senior U.S District Judge

Dated this __23rd__ day of April 2008 at Bridgeport, Connecticut.